IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **DONALD LEE TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:06-0005 |
| | ) | |
| **JAMES RUBENSTEIN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 4, 2006, Plaintiff, an inmate at Mount Olive Correctional Complex [MOCC], acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff's allegations stem from his placement into administrative segregation. (Id.) Plaintiff names the following individuals as Defendants: James Rubenstein, Commissioner of the West Virginia Division of Corrections; Thomas McBride, formerly the Warden of Mount Olive Correctional Complex;[2] Michael Coleman, Acting Warden; Beverly Gandee, Grievance Coordinator; and Charles Reynolds, Classification Director. (Id., p. 4.) Plaintiff claims that his placement in administrative segregation is unconstitutional. (Id.) Specifically, Plaintiff alleges as follows:

> These Defendants and each of them routinely maintain unconstitutional polices, customs, and practices and refuse to go by their own policies in administrative classifications (segregation) – that has worked to deprive Plaintiff of his rights to

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Mr. McBride is no longer the Warden of Mount Olive Correctional Complex. Mr. David Ballard is.

>    remain free from segregation – receive his rights to rehabilitation programs and
>    advance thru the classification process to less restrictive forms of custody.

(Id.) "Plaintiff seeks compensatory and punitive damages, declaratory judgment, and injunctive relief as well as a trial by jury on all issues so triable." (Id., p. 5.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted.[3] A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim

---

[3] Plaintiff is a frequent filer, who has filed numerous civil actions in the state and federal courts challenging his confinement in administrative segregation and the decisions rendered by the Parole Board, including but not limited to the following most recent cases: (1) *Taylor v. Painter*, Civil Action No. 99-C-239-H (Cir. Ct. Fayette Co. Nov. 30, 1999)(*habeas* action dismissed because he had presented same claims in District Court); (2) *Taylor v. Davis*, Case No. 993353 (W.Va. July 12, 2000)(appeal of Circuit Court's dismissal of *habeas* action refused); (3) *Taylor v. Painter*, Case No. 000115 (W.Va. Mar. 23, 2000)(original jurisdiction *habeas* petition challenging the Parole Board's changing his parole eligibility date as violative of due process refused); (4) *Taylor v. West Virginia Parole Bd.*, Case No. 001046 (W.Va. May 25, 2000)(second original jurisdiction *habeas* petition refused); (5) *Taylor v. Painter*, Civil Action No. 5:00-0435 (S.D.W.Va. Mar. 21, 2002)(Section 1983 action claiming he did not receive adequate medical care dismissed); (6) *Taylor v. West Virginia Parole Bd.*, Civil Action No. 5:00-0534 (S.D.W.Va. July 5, 2001)(Section 2254 *habeas* petition dismissed for failure to exhaust state remedies); (7) *Taylor v. Painter*, Civil Action No. 5:01-0629 (S.D. W.Va. Sept. 25, 2003)(§ 2254 *habeas* action dismissed for failure to exhaust state remedies); (8) *Taylor v. Ilderton*, Civil Action No. 5:02-0530 (S.D.W.Va. March 29, 2004)(Section 1983 action dismiss for failure to exhaust administrative remedies); (9) *Taylor v. YeLinek*, Civil Action No. 5:03-2075 (S.D.W.Va. Sept. 26, 2005)(Section 1983 action claiming he did not receive adequate medical care dismissed); and (10) *Taylor v. McBride*, Case No. 05-misc-70 (Cir. Ct. Kanawha Co.)(*habeas corpus* petition currently pending concerning Petitioner's placement in administrative segregation).

lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

**1. Due Process Claim.**

Although the Fourteenth Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for the

3

period of incarceration. See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction and imprisonment implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979)(quoting Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that in order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Id., 515 U.S. at 484, 115 S.Ct. at 2300 (citations omitted). Absent allegations indicating that there has been a restraint upon the inmate's freedom which imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the inmate's claims have no merit. Id.

    **(a)**    **Liberty Interest in Placement into General Population:**

Applying the principles set forth in Sandin, the undersigned finds that Plaintiff's placement

in administrative segregation is neither a condition which exceeded his sentence in an unexpected manner nor creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Although Plaintiff appears to challenge certain "policies, practices, and customs" of the Department of Corrections, he does not complain that specific conditions of his confinement in segregation were atypical and created a significant hardship as compared to ordinary prison life in mainline population. Additionally, nothing in the record indicates that Plaintiff's conditions of confinement in segregation were atypical or resulted in a significant hardship.[4] Administrative segregation, in and of itself, does not deprive an inmate of a liberty interest or create an atypical hardship. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Furthermore, the Due Process Clause does not give an inmate a liberty interest in a certain prison classification. See Hewitt v. Helms, 459 U.S. 460, 477 n. 9, 103 S.Ct. 864, 874 n. 9, 74 L.Ed.2d 675 (1983)(stating that the "transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), citing Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547,

---

[4] In *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997), the Fourth Circuit determined that the following conditions in administrative segregation did not implicate Plaintiffs' liberty interest:

> ...cells were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above. And, [the inmates] assert, they were forced to use their clothing and shampoo to clean the cells. In addition, Inmates maintain that their cells were unbearably hot and that the food they received was cold. Furthermore, Van Aelst submitted an affidavit indicating that those assigned to administrative segregation did not receive clean clothing, linen, or bedding as often as required by the regulations governing administrative segregation; that they were permitted to leave their cells three to four times per week, rather than seven, and that no outside recreation was permitted; that there were no educational or religious services available; and that food was served in considerably smaller portions.

49 L.Ed.2d 466 (1976)(the federal Constitution "vests no liberty interest in inmates in retaining or receiving any particular security or custody status as long as challenged conditions or degree of confinement is within sentence imposed and is not otherwise violative of Constitution"); Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978)(holding that federal due process constraints are not implicated because the classification of a State prison inmate is a matter of State prison officials' discretion); and Meachum v. Farno, 427 U.S. 215, 225 (1976)(stating that the transfer of an inmate to a higher security facility does not violate a liberty interest). Thus, Plaintiff's claim of a liberty interest in remaining free of segregation or in the fact of his confinement in segregation is without merit. To the extent Plaintiff complains that Defendants misapplied their "own polices, practices, and customs" concerning administrative segregation, Plaintiff's claim must fail because due process is not implicated where there is no liberty interest. See Petway v. Lappin, 2008 WL 629998 (N.D.W.Va. Mar. 5, 2008)(finding that plaintiff's "due process complaints concerning either the misapplication of policy and procedures, or a lack of official rules and regulations, must fail" because the inmate had no protected liberty interest in avoiding segregated confinement"). Accordingly, the undersigned finds that Plaintiff's claim is without merit

**(b)     Liberty Interest in Retaining Prison Privileges:**

To the extent that Plaintiff alleges a liberty interest in retaining all privileges, the undersigned finds that Plaintiff's claim is without merit. The denial of privileges and confinement in segregation are matters clearly contemplated by Plaintiff's original sentence. See Gaston, 946 F.2d at 343 (To safely and efficiently run the prison, prison officials maintain broad discretion over an inmate's "location, variations of daily routines, changes in conditions of confinement (including administrative segregation), and the denial of privileges"); Hatch v. District of Columbia, 184 F.3d. 846, 855 (D.C.

Cir. 1999)(stating that "the transfer of an inmate to less amenable and more restrictive quarter for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); and Gholson v. Murry, 953 F. Supp. 709, 716 (E.D.Va. 1997)(finding that the denial of work opportunities and certain education programs did not impose an atypical and significant hardship on inmates placed in segregation in relation to the ordinary incidents of prison life). Furthermore, it is well established that an inmate has no federal right to demand rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S. Ct. 274, 279, n. 9, 50 L. Ed. 2d 236 (1976)(holding that federal prisoners have no statutory or constitutional right to participate in rehabilitative programs while incarcerated); Acree v. Clark, 86-7167, 1986 WL 18023 (4th Cir. Nov. 10, 1986) citing Bowring v. Godwin, 551 F.2d 44, 48 n 2 (4th Cir. 1977)(stating that "[i]t has been widely recognized that rehabilitation is one of the primary purposes and goals of incarceration, although it is not mandated by any provision of the Constitution"); Gill v. United States Parole Commission, et al., 692 F. Supp. 623, 628 (E.D.Va. 1988)(holding that the sentencing Court's order recommending that petitioner be placed in a drug rehabilitation program failed to vest any fundamental right in plaintiff to participate in such program); and Pace v. Fauver, 479 F. Supp. 456, 459 (D.N.J. 1979)(holding that prison officials' refusal to allow state prisoners to establish and operate an alcoholic rehabilitation program within the prison was not a violation of the Fifth, Eighth or Fourteenth Amendment). Accordingly, to the extent that Plaintiff is claiming his liberty interest in retaining privileges was violated, the undersigned finds that Plaintiff's claim is without merit.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's

Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

ENTER: February 6, 2009.

R. Clarke VanDervort
United States Magistrate Judge